CABELL, J.
The question is, Whether the contract between Pinckard and M’Kinney ought to be set aside by a court of equity?
The evidence proves, incontestibly, the improvidence and prodigality of Pinckard, the embarrassment of his affairs, and his pecuniary distress at the time he entered into this hard bargain ; and that M’Kinney, of all men, had the best opportunity of *288 knowing, and doubtless best knew, his disposition, his habits, and his wants. And the” circumstances of the transaction leave nc room to doubt, that, if M’Kinney was not aware of the exact extent of the advantage he gained, or had not calculated it with all the precision the subject admitted ■of, he could not but have known, that there was a very great and most unconscionable inequality between the value of the property he bought and the consideration he paid for it.
If the sale had been a sale of property in possession, and not of a reversionarj- interest, I will not say that the inadequacy of price, considered apart from all the other circumstances of the case, is or is not so gross as to be ipso facto proof of fraud: but I am clearly of opinion, that if it had been a sale of property in possession, the inadequacy of price taken in connexion with the attendant circumstances, would be proof of an unconscientious and iniquitous advantage, taken by cunning and rapacity over improvidence and ^distress, that must be reprobated by a court of equity. But the case is still stronger, when we consider it as the sale of an expectant interest. It is not necessary, in this case, to decide whether every seller of an expectant interest is to be treated as an expectant heir: on that point, therefore, I give no opinion. But it is very clear, that a very anxious protection is extended by equity, to persons selling expectant interest, although they do not stand in the relation of expectant heirs; and that trivial circumstances, added to the inadequacy of price, will be sufficient to set aside such sales. Wiseman v. Beake, 2 Vern. 121; Cole v. Gibbons, 3 P. Wms. 290; Bowes v. Heaps, 3 Ves. & Beam. 117.
The other judges concurred, and the decree was affirmed.*